IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| WENDY KENNEDY, | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:16-cv-00154-JJV |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner, Social Security Administration, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Wendy Kennedy, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 12-24.) The Appeals Council received additional information and then denied Plaintiff's request for a review (Tr. 1-5), making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-three years old at the time of the administrative hearing. (Tr. 37.) She testified she attended college for a couple of years. (*Id.*)

Plaintiff alleges she is disabled due to a combination of impairments. The ALJ[1] found Ms. Kennedy had not engaged in substantial gainful activity since January 1, 2013 – the alleged onset date. (Tr. 14.) She has "severe" impairments in the form of residuals of stage II breast cancer, affective disorder and substance abuse in remission. (*Id.*) The ALJ further found Ms. Kennedy did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 15-17.)

The ALJ determined Ms. Kennedy had the residual functional capacity to perform a reduced range of light work. (Tr. 17.) He determined Ms. Kennedy could no longer perform her past work as a food service manager, meeting planner, or hospitality house supervisor, so he utilized the services of a vocational expert to determine whether other work existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 23, 61-69.) Through asking hypothetical

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

questions of the vocational expert, the ALJ concluded Ms. Kennedy could perform the jobs of housekeeper/cleaner, photocopy machine operator, and office helper. (Tr. 23.) Accordingly, the ALJ determined Ms. Kennedy was not disabled. (Tr. 24.)

In support of her Complaint, Plaintiff argues the ALJ erred by not giving more weight to the opinions of her treating doctors. (Doc. No. 11 at 36-38.) Plaintiff is correct that her treating doctors should generally be given great deference. But after a close review of the record, I find the ALJ could properly discount their opinions.

Joseph B. Pierce, M.D., provided a letter stating, "It is my medical opinion Wendy Kennedy is totally disabled, secondary to her breast cancer. She suffers from total body joint pain due to the side effects of the chemotherapy treatments." (Tr. 1365.) Treating physician Sunil Gera, M.D., also provided a letter and stated, "Ms. Kennedy is under my care from multiple pain problems and had multiple interventions for this. She has a past history of breast cancer, had surgery and chemotherapy. Due to her medical problems, to the best of my opinion she is not able to perform any job duties and is disabled." (Tr. 1479.) The ALJ gave little weight to these opinions because ". . . they are not supported by the majority of the objective medical evidence, and the issue of disability is reserved to the Commissioner." (Tr. 21.)

An ALJ must generally give great weight to a treating physician. But as the United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given

the treating physician's opinion.  20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount these doctors' conclusions.  First, as the Commissioner points out in her brief (Doc. No. 12 at 4-5), the treatment notes from Drs. Pierce and Gera fail to support such conclusions.  The Commissioner's counsel cites to numerous medical records that show Plaintiff's doctors found little to no issue upon examination.  (*Id.*)  That is not to say these notes show Plaintiff is free from pain and limitation.  For example, the week before Dr. Pierce wrote his letter, he noted very little during his physical examination to support his conclusion that Plaintiff was completely disabled.  (Tr. 1360-1362.)  He did say she was "chronically ill appearing" and she had a "depressed mood."  (Tr. 1360, 1361.)  But overall his assessment wholly fails to support his letter.  (*Id.*)

So rather than rely on Drs. Pierce and Gera, the ALJ rightly gave greater weight to the opinions of Martha Lauster, M.D., Clarence Ballard, M.D., Winston Brown, M.D., and Susan Daugherty, Ph.D.  (Tr.  21.)  While not having the opportunity to actually examine or treat Plaintiff, these doctors reviewed Plaintiff's medical records and provided fairly detailed analysis. (Tr. 89-101, 106-137.)  I have carefully reviewed their opinions, as did the ALJ, and I find no reversible error in relying on them over Plaintiff's treating doctors.

Additionally, I note the statement from Plaintiff's mental health provider written only a few months after the letters written by Drs. Pierce and Gera that said "she was fired from her pcp because allegedly she was getting meds from other MDs."  (Tr. 1508.)  While the record is not clear with which primary care physician this occurred, it does further call into question the reliability of at least one doctor's opinion.

Plaintiff is relatively young.  The ALJ assessed she could perform a *reduced range of light*

4

*work*. He made adjustments to her residual functional capacity that fairly captured her documented limitations. The overall evidence of record supports the ALJ's conclusion that Plaintiff is capable of performing work at this exertional level. While Plaintiff takes issue with this finding (Doc. No. 11 at 38-41), I find no reversible error in the ALJ's assessment.

Plaintiff has advanced other arguments which I have considered and find to be without merit. I am sympathetic to Ms. Kennedy's claims. She has apparently gone through some extremely difficult times in her life. There is evidence that she has limitations related to her breast cancer, depression, and anxiety. Yet the ALJ's finding that she could perform light work during the relevant time period is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 12th day of October, 2016.

                                                       */s/ Joe J. Volpe*
                                              JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE